RONALD OR SALLY A. BERUBE v. MOBILE HOMES SALES AND SERVICE

No. 754DC506

(Filed 17 December 1975)

1. **Uniform Commercial Code § 17— sale of mobile home — tender of full payment — other agreement**

In an action to recover a deposit on a mobile home, plaintiff's evidence was sufficient to support a jury finding that defendant seller agreed to install the mobile home before full payment was received and that tender of payment was therefore not a condition precedent to the seller's duty of delivery. G.S. 25-2-511(1).

2. **Uniform Commercial Code § 17— sale of mobile home — delivery before payment — necessity for instructions**

In an action to recover a deposit on a mobile home, the trial court erred in failing to instruct the jury as to the existence or nonexistence of an agreement to install the mobile home before full payment was received and the resultant consequences.

APPEAL by defendant from *Crumpler, Judge.* Judgment entered 6 May 1975 in District Court, ONSLOW County. Heard in the Court of Appeals 25 September 1975.

Plaintiffs brought this small claim action to recover $500.00 which they had paid defendant as a deposit on a mobile home. The Magistrate gave judgment for plaintiffs in the sum of $300.00 and plaintiffs appealed. On trial de novo before judge and jury in the District Court, plaintiffs' evidence showed the following. On 29 October 1974 plaintiffs agreed to buy a mobile

home from defendant for $8,600.00. Plaintiffs were to pay a deposit of $500.00 and planned to obtain the balance of $8,100.00 by borrowing from Navy Federal Credit Union. On 6 November 1974 plaintiffs reported to defendant's salesman that their application for the loan had been approved by the Credit Union, and they asked if defendant would "set up" the mobile home for them if they paid the $500.00 deposit. The salesman told plaintiffs it was company policy not to set up a trailer until they had all the money, but he would ask defendant's president and perhaps he would approve it. The next day the salesman informed plaintiffs they could have their trailer prepared on Monday, 11 November 1974. On Friday, 8 November, plaintiffs paid defendant the $500.00 deposit plus $53.00 for insurance, with the agreement that the trailer would be set up for them on the following Monday. However, defendant did not set up the trailer on Monday as agreed, and as a result plaintiffs incurred extra expense in returning their furniture to storage. On Monday night plaintiffs told defendant's salesman they wanted their deposit returned because defendant had not moved the trailer as promised. The salesman replied, "Well, there's no problem with the $500.00, you can have that back." On Friday, 15 November, plaintiffs told the salesman they still wanted the trailer but also wanted the deposit back. The salesman again assured plaintiffs there was "no problem," that if they needed it, they could "just come in and get it." On Monday, 18 November 1974, plaintiffs went to defendant's office and demanded return of their $500.00 deposit. Defendant's president refused to return the full amount of the deposit and offered to return only $275.00. He told plaintiffs they had until noon of the following day to come in and accept the deal originally made for the trailer, or take the $275.00, or defendant would "just call the whole deal off." On the following day, 19 November 1974, plaintiffs brought this action.

Defendant offered evidence that the salesman told plaintiffs that they had to await delivery of the trailer until check from Navy Federal Credit Union was in hand. This was in accordance with company policy not to set up a trailer until the full purchase price was paid, unless the loan was obtained through certain approved lenders, not including Navy Federal Credit Union. Defendant never agreed to install the trailer before payment of the full purchase price, and no mention was made of guranteed delivery by a certain date. When plaintiffs asked to have their full deposit refunded, defendant did not at

any time agree to do so because it had gone to some expense winterizing the mobile home when this sale fell through, and this expense would not have been necessary if plaintiffs had purchased the trailer as they had agreed to do.

The jury returned a verdict for plaintiffs in the amount of $499.00 and judgment was entered accordingly. Defendant appealed.

*Billy Sandlin for plaintiff appellees.*

*Zennie L. Riggs for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns error to denial of his motions for dismissal. Defendant argues that under G.S. 25-2-511(1), tender of payment is a condition precedent to the seller's duty of delivery, and therefore it did not breach the contract by refusing to install the trailer until the full purchase price was paid. Defendant contends that all the evidence shows it was the plaintiffs, not the defendant, who breached the contract by refusing to go through with purchase of the trailer as originally agreed. However, G.S. 25-2-511(1) provides that "[*u*]*nless otherwise agreed* tender of payment is a condition to the seller's duty to tender and complete any delivery." (Emphasis added.) Here, according to plaintiffs' evidence, the parties did otherwise agree. We find no error in the denial of defendant's motions for dismissal.

[2] Defendant further contends the court erred in its charge to the jury in not declaring and explaining the law arising on the evidence given in this case as required by G.S. 1A-1, Rule 51(a). The factual issue around which this case revolves is whether the defendant agreed to install the mobile home before full payment was received. If plaintiffs' evidence is accepted as true, defendant did make such an agreement and it breached the agreement by failing to set up the trailer on 11 November as it had agreed to do. On the other hand if defendant's evidence is believed, no such agreement was made, and plaintiffs breached the contract by repudiating it. The court did not instruct the jury as to the issue of the existence or nonexistence of such an agreement and the resultant consequences, but instead explained the issue as being "whether the plaintiff Berube rejected the deal, or accepted it," defining the terms "acceptance" and "rejection," concepts which do not appear to be

directly relevant to the facts of this case. The jurors were not correctly apprised of the issue before them and the law relevant thereto. For failure of the trial judge to comply with the mandate of Rule 51(a), defendant is entitled to a

New trial.

Judges BRITT and CLARK concur.